# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs June 22, 2011

## STATE OF TENNESSEE v. ALBERT W. BENTLEY

**Appeal from the Criminal Court for Davidson County**
**No. 2009-A-376      J. Randall Wyatt, Jr., Judge**

---

**No. M2010-01882-CCA-R3-CD - Filed December 29, 2011**

---

**JOSEPH M. TIPTON, P.J., concurring.**

I concur in the results reached in the majority opinion. My concern is with the summary disposition of the Defendant's due process claim of an impermissibly suggestive photographic lineup. The majority opinion relies on State v. Butler, 795 S.W.2d 680, 686 (Tenn. Crim. App. 1990), to conclude that the analysis provided in Neil v. Biggers, 409 U.S. 188 (1972), need not be used if the identification process was not "unduly suggestive." "Unduly suggestive" is not a term used in Biggers, which focused on suggestive and unnecessarily suggestive identification procedures. Biggers, 409 U.S. at 198-200.

In the present case, the victim testified that he was aware that the police had identified someone through fingerprints and that he assumed the person's photograph was among those he was shown. In Simmons v. United States, 390 U.S. 377, 384-85 (1968), the Court noted the potential for misidentification from photographs, but it recognized that circumstances can require immediate action that the use of photographs can enable. I note that the police had identified the Defendant as a suspect before going to the victim, but nothing in the record indicates that they attempted to prepare a regular lineup.

Given the use of the photographic lineup and the victim's belief that the person suspected by the police would be in that lineup, I believe the record justifies consideration of the issue under the analysis provided in Biggers. My belief avails the Defendant nothing, though. In short, this case involved a daylight robbery in which the victim called 9-1-1 while he still viewed the assailants. The description he provided was similar to that of the Defendant. In corroboration, the police had the Defendant's fingerprint. I do not believe the record shows a substantial likelihood of misidentification from the photographic lineup procedure.

_____

JOSEPH M. TIPTON,  PRESIDING JUDGE